Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200518-88066
DATE: June 30, 2021

ORDER

Special monthly compensation (SMC) based on the need for regular aid and attendance is granted.

FINDINGS OF FACT

1. The Veteran is service connected for a low back disability with associated scars and radiculopathies of the lower extremities, among other things; he has been in receipt of a total disability rating, to include on the basis of individual unemployability, since April 20, 2018.

2. It is at least as likely as not that, as a result of his service-connected disabilities, the Veteran requires the regular aid and attendance of another person for the daily personal needs of dressing or undressing himself, bathing, keeping himself clean and presentable, and taking required medication.

CONCLUSION OF LAW

Resolving reasonable doubt in favor of the Veteran, the criteria for an award of SMC based on the need for regular aid and attendance have been met. 38 U.S.C. §§ 1114(l), 5107; 38 C.F.R. §§ 3.102, 3.350, 3.352.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from June 1982 to December 1987. His decorations include the Army Service Ribbon and the Army Achievement Medal.

The original rating decision underlying the present appeal was issued in January 2020 by a Department of Veterans Affairs (VA) Regional Office (RO). Following a denial on Higher-Level Review in February 2020, the Veteran timely appealed to the Board, requesting the Hearing docket option pursuant to the Appeals Modernization Act (AMA). See May 2020 VA Form 10182; 38 C.F.R. § 20.202(b)(2). 

In February 2021, the Veteran testified at a virtual Board hearing before the undersigned Veterans Law Judge. A transcript of that hearing has been associated with the record. Under the AMA, the Veteran had 90 days from the date of the February 2021 hearing to submit additional evidence. 

SMC based on the need for regular aid and attendance is granted.

The Veteran seeks SMC based on the need for regular aid and attendance. 

SMC at the aid and attendance rate is payable when the veteran, due to service-connected disability, has suffered the anatomical loss or loss of use of both feet or one hand and one foot, or is blind in both eyes, or is permanently bedridden or so helpless as to be in need of regular aid and attendance. 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b). 

Determinations as to the need for regular aid and attendance are factual and must be based upon the actual requirements for personal assistance from others. In making such determinations, consideration is given to such conditions as: the inability of the claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without assistance; the inability of the claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; the inability to attend to the wants of nature; or incapacity, either physical or mental, which requires care or assistance on a regular basis to protect a claimant from hazards or dangers incident to one's daily environment. It is not required that all of the disabling conditions enumerated be present before a favorable determination is made.

The particular personal functions that the claimant is unable to perform should be considered in connection with his condition as a whole. It is only necessary that the claimant be so helpless as to be in need of regular aid and attendance, not that there is a constant need. "Bedridden" constitutes a condition which, through its essential character, actually requires that an individual remain in bed. The fact that a claimant has voluntarily taken to bed, or that a physician has prescribed bed rest for a lesser or greater portion of the day will not suffice. 38 C.F.R. § 3.352(a). 

In Turco v. Brown, 9 Vet. App. 222, 224 (1996), the United States Court of Appeals for Veterans Claims held that eligibility for SMC by reason of regular need for aid and attendance requires that at least one of the factors set forth in VA regulation is met. In addition, determinations that the claimant is so helpless as to be in need of regular aid and attendance will not be based solely upon an opinion that the claimant's condition is such as would require him or her to be in bed. They must be based on the actual requirement of personal assistance from others.

The Veteran is service connected for a low back disability with associated scars and radiculopathies of the lower extremities, among other things. He has been in receipt of a total disability rating, to include on the basis of individual unemployability, since April 20, 2018.

After a review of all the evidence, the Board finds that the evidence is at least in equipoise on the question of whether the Veteran requires the regular aid and attendance of another person as a result of his service-connected disabilities. The evidence weighing in favor of this finding includes a February 2020 statement from the Veteran's mother, who indicated that she is the Veteran's caretaker, that she prepares his meals daily, and that she helps ensure that he is bathed and that his personal hygiene is maintained. She also reported that she helped the Veteran with medication management. 

The Veteran also submitted a November 2019 examination report from Dr. J.P., who assessed that the Veteran was unable to prepare his own meals, and that he required assistance in bathing, dressing the lower body, and tending to other hygiene needs due to limitations resulting from his service-connected disabilities. The Veteran submitted another March 2020 examination report from Dr. J.P., who again assessed that the Veteran was unable to prepare his own meals, that he required medication management, and that he required assistance in bathing, dressing the lower body, and tending to other hygiene needs due to limitations resulting from his service-connected disabilities. Dr. J.P. indicated that the Veteran was unable to ambulate safely on his own, and that he was only able to leave his home for doctors' appointments. There are no medical opinions to the contrary.

Based on the foregoing, the Board finds that the evidence is at least in equipoise on the question of whether the Veteran is entitled to SMC based on the need for regular aid and attendance for daily personal needs of dressing or undressing himself, bathing, keeping himself clean and presentable, and taking required medication. In doing so, the Board assigns significant probative value to the November 2019 and March 2020 examination reports from Dr. J.P. By regulation, the performance of the necessary aid and attendance service by a relative or other member of the household does not prevent the granting of the additional allowance. 38 C.F.R. § 3.352(c). The appeal is granted. 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Ragheb, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.